656 July 3, 2024 No. 476

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANON SARGENT,
*Defendant-Appellant.*

Josephine County Circuit Court
22CR20571; A179079

Pat Wolke, Judge. (Judgment)

Robert S. Bain, Judge. (Supplemental Judgment)

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant was convicted of aggravated identity theft, ORS 165.803, aggravated first-degree theft, ORS 164.057, first-degree forgery, ORS 165.013, and unlawful use of a vehicle, ORS 164.135, after cashing approximately $13,000 in forged checks from a single victim. On appeal, she assigns error to the trial court's denial of her requested jury instruction on lesser-included offenses and also raises a plain error challenge to a comment made by the prosecutor during closing arguments. Because any error relating to the requested instruction was harmless and the prosecutor's comment did not amount to plain error, we affirm.

In her combined first and second assignments of error, defendant argues that the trial court erred in declining to instruct the jury on the lesser-included offenses to aggravated identity theft (identity theft) and aggravated first-degree theft (first-degree theft). As relevant here, the difference between the aggravated and non-aggravated offenses is the amount taken—the aggravated offenses require proof that the amount equals or exceeds $10,000. Defendant argues that the jury could have found that some of the checks were authorized, bringing the amount taken below the $10,000 threshold.

We need not determine whether the trial court's denial of defendant's jury instruction request was erroneous, because any error was harmless. To determine whether an error is harmless, we ask: "Is there little likelihood that the particular error affected the verdict?" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In making that determination in the context of a court's refusal to issue a requested jury instruction, we must "consider[ ] the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at trial." *State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020) (internal quotation marks omitted).

Here, the parties' theories of the case took an "all or nothing" approach that would not support a jury finding that only a portion of the checks were unauthorized. The state produced evidence to establish that the victim

had never met defendant and never authorized her to write or cash any of the checks, which totaled over $13,000. Defendant's theory, conversely, was that she worked for the victim as a caretaker, and that the victim had sent her the checks and authorized her to cash *all* of them. Defendant relied entirely on her statements to the police denying all wrongdoing, none of which would enable a jury to find that the victim had granted defendant authorization to write and cash some but not all of the checks—in an amount less than $10,000. Because no evidence existed to allow a jury to find defendant guilty of the lesser offenses but not the greater offenses, there is "little likelihood" that the trial court's refusal to issue the lesser-included offense instruction "affected the verdict." *Davis*, 336 Or at 32.

In her third assignment of error, defendant argues that the trial court plainly erred by allowing the prosecutor to argue that it was "atrocious" that "they're revictimizing" the victim. To determine whether an unpreserved error is "plain," we consider "(1) whether the claimed error is one of law; (2) whether the claimed error is obvious and not reasonably in dispute; and (3) whether the claimed error appears on the record." *State v. Chitwood*, 370 Or 305, 313-14, 518 P3d 903 (2022). In the context of a prosecutor's purportedly improper statement made during closing argument to which the defendant did not object, ultimately, "an appellate court is required to decide whether, under the circumstances as a whole, defendant was denied the right to a fair trial, as a matter of law, by the events that transpired at trial." *Id.* at 312 (internal quotation marks omitted).

Defendant argues that the prosecutor's statement during rebuttal was improper, because it (1) appealed to the jury's sympathy for the victim; (2) referenced her right to a jury trial; and (3) vouched for the victim's credibility. The state responds that, in context, the statement did not refer to defendant taking her case to trial but rather referred to defendant's disparaging comments about the victim—that the victim was a "perverted old man" with dementia who abused drugs and alcohol.

As to defendant's first two points, it is not "obvious" on this record that the prosecutor appealed to the jury's

sympathies or improperly referenced defendant's exercise of her right to a jury trial as opposed to the denigrating comments she made about the victim. Because the claimed error is not obvious or beyond dispute, the error, if any, is not plain. *Chitwood*, 370 Or at 313-14.

Defendant's final argument is that the prosecutor's use of the term "revictimizing" constituted impermissible vouching, because the word "victim" improperly injected the prosecutor's personal opinion regarding a witness's credibility. *See State v. Sperou*, 365 Or 121, 133-36, 442 P3d 581 (2019) (holding that, where the existence of a crime was in dispute, the state's use of the word "victim" amounted to impermissible vouching). Here, because the existence of a crime was in dispute, the use of the term "revictimizing" is problematic. However, given that the prosecutor's comment was only a small portion of the argument, a curative instruction could have sufficed to correct the error and thus defendant was not denied a fair trial. *Chitwood*, 370 Or at 312. Specifically, the court could have instructed the jury to disregard the prosecutor's comment touching on the victim's credibility and to decide the case based only on its own evaluation of the evidence. *See State v. Montgomery*, 327 Or App 655, 661-62, 536 P3d 627 (2023) (explaining that, if the defendant's counsel had objected to the first improper prosecutorial statement, a curative "instruction would have prevented the jury from relying on the prosecutor's comments as vouching for [the victim] and would have been sufficiently curative of the prosecutor's misconduct to prevent an unfair trial").

Affirmed.